FILED

2013 May-24  AM 08:19
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| QBE INSURANCE CORPORATION, | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **Civil Action No. CV-12-S-00844-NE** |
| | ) | |
| DENISE AZAR, in her capacity as receiver of Cullman Memory Gardens, LLC, a.k.a. Cullman Memorial Gardens, LLC; CULLMAN MEMORY GARDENS, LLC, a.k.a. CULLMAN MEMORIAL GARDENS, LLC; DOUG WILLIAMS; MICHAEL KASHORT BUCKELEW; and SAMMIE A. JONES, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM OPINION AND
## DECLARATORY JUDGMENT

Plaintiff, QBE Insurance Corporation, requests a declaratory judgment stating that it has no legal duty under the terms of an insurance policy issued to Mike Graham in receivership for Blount Memory Gardens, LLC, *et al.*, to defend or indemnify defendants in connection with the claims alleged in a state court action styled *Sammie A. Jones v. Loewen (Alabama) Inc., doing business as Moss-Service Funeral Home, et al.*, currently pending in the Circuit Court of Cullman County,

Alabama as Civil Action No. CV-11-900224.[1]  Plaintiff seeks a declaratory judgment against five defendants:  *i.e.*, Denise Azar, in her capacity as receiver of Cullman Memory Gardens, L.L.C., *also known as* Cullman Memorial Gardens, L.L.C.; Cullman Memory Gardens L.L.C., *also known as* Cullman Memorial Gardens, L.L.C.; Doug Williams; Michael Kashort Buckelew; and Sammie A. Jones.[2]  Plaintiff commenced this action in the Northern District of Alabama pursuant to 28 U.S.C. § 1332(a)(1), based upon the parties' complete diversity of citizenship and the requisite amount in controversy.[3]  Accordingly, "state substantive law and federal procedural law" apply.  *Hanna v. Plumer*, 380 U.S. 460, 465 (1965).

This action is before the court on plaintiff's motion for a judgment on the pleadings.[4]  Federal Rule of Civil Procedure 12(c) provides that, "[a]fter the pleadings are closed — but early enough not to delay trial — a party may move for judgment on the pleadings."  Fed. R. Civ. P. 12(c) (2008) (alteration supplied).  "Judgment on the pleadings is proper when no issues of material fact exist, and the movant is entitled to judgment as a matter of law."  *Ortega v. Christian*, 85 F.3d 1521, 1524 (11th Cir. 1996) (alteration supplied).  When reviewing such a motion, the court is

---

[1] *See* doc. no. 2 (Amended Complaint).

[2] *See id.*  For a description of the relationship between the policy issued to Mike Graham, and the claims raised in the present action, see Section II, *infra.*  For a discussion of the substitution of *Michael Kashort* Buckelew for the original named defendant, *Michael Andrew* Buckelew, see footnote 13, *infra*.

[3] Doc. no. 2 (Amended Complaint) ¶¶ 5-6.

[4] *See* doc. no. 33 (Motion for a Judgment on the Pleadings).

required to accept the facts alleged in the complaint as true, and to view them in the light most favorable to the nonmoving party. *Swerdloff v. Miami National Bank*, 584 F.2d 54, 57 (5th Cir. 1978).[5]

Despite this court's order that "any response to the Motion for Judgment on the Pleadings (doc. no. 32) is due by May 21, 2013,"[6] none of the defendants have filed a response.  There is some unpublished federal authority suggesting that if a party fails to respond to a motion for entry of judgment on the pleadings, the court may grant the motion by default.  *See Yarbrough v. Credit Control Services*, No. 09-61136, 2011 WL 860435 (S.D. Fla. Feb. 12, 2011) (discussing the grant of a motion for a judgment on the pleadings by default); *Harron v. Cartwright*, No. 05-1538, 2006 U.S. Dist. LEXIS 9418, *1 (E.D. Pa. March 8, 2006) ("Plaintiff has not responded to either motion.  The motion for judgment on the pleadings will therefore be granted as unopposed pursuant to Local Civil Rule 7.1(c).").

Nevertheless, this court has reviewed plaintiff's motion on the merits; and, after doing so, will grant the motion.[7]

---

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

[6] Unnumbered Order Dated May 7, 2013.

[7] *Cf.*, *e.g.*, *Trustees of the Central Pension Fund of the International Union of Operating Engineers and Participating Employers v. Wolf Crane Service, Inc.*, 374 F.3d 1035, 1039 (11th Cir. 2004) (observing in the context of *unopposed* motions for summary judgment that Federal Rule of Civil Procedure 56(e) provides "that where 'the adverse party does not respond, summary judgment, *if appropriate*, shall be entered against the adverse party'") (emphasis in original).

# I.  SUMMARY OF FACTS

Plaintiff, QBE Insurance Corporation, disputes the existence of a duty to either provide a defense or indemnify defendants in connection with the claims asserted in a state court action styled *Sammie A. Jones v. Loewen (Alabama) Inc., doing business as Moss-Service Funeral Home, et al.*, currently pending in the Circuit Court of Cullman County, Alabama as Civil Action No. CV-11-900224.[8]  Sammie A. Jones, the plaintiff in that state court action, is the son of Mary Ruth Jones, deceased.[9]

Following Mrs. Jones's death on September 6, 2009, Sammie Jones entered into a contract with Loewen (Alabama), *doing business as* Moss Service Funeral Home ("Moss"), to conduct the funeral service on September 9, 2009, and inter his mother's remains in Lot 115, Section 2A of Cullman Memory Gardens.[10]  Doug Williams, a Moss employee, then allegedly directed Michael Andrew Buckelew to dig a grave for Mrs. Jones in a different area of the same cemetery.[11]

As a result of the relocation of Mrs. Jones's grave, Mr. Jones asserts that his mother could not be buried on the date originally set for her funeral, and that she was instead buried the following day.[12]  Mr. Jones alleges that, as a consequence of the

---

[8] *See* doc. no. 2 (Amended Complaint).

[9] Doc. no. 1-1 (State-Court Complaint) ¶ 10.

[10] *Id.* ¶¶ 10-12.

[11] *Id.* ¶¶ 13-14.

[12] *Id.* ¶ 15.

change in the date of burial, "[m]any of the out-of-town family members who had traveled to Cullman for the funeral could not attend . . . because they had to return to work."[13]

Mr. Jones asserts claims against five defendants: *i.e.*, Moss; Cullman Memory Gardens, Inc.; Cullman Memory Gardens, LLC; Doug Williams; and Michael Andrew Buckelew.[14] Mr. Jones's complaint contains nine counts based upon the following remedial theories: *i.e.*, negligence; wantonness; negligent training/negligent supervision; the tort of outrage; *respondeat superior*; agency; conspiracy; fraud; and breach of contract.[15] Mr. Jones seeks several forms of damages, including compensatory and punitive damages.[16]

QBE Insurance Corporation, the plaintiff in the present federal action, has issued a commercial general liability insurance policy bearing Policy Number ANG 30428 ("the Policy") to Mike Graham in receivership for Blount Memory Gardens, LLC, *et al.*[17] Mr. Jones alleges the following relationship between Mike Graham, and

---

[13] *Id.* (alteration supplied).

[14] *See id.* ¶¶ 2-7. Mr. Jones's state court complaint mistakenly names *Michael Andrew* Buckelew as a defendant. This court previously granted the motion to substitute *Michael Kashort* Buckelew for his son, *Michael Andrew* Buckelew, after receiving a notice from *Michael Kashort* Buckelew to the effect that *Michael Andrew* Buckelew has no connection to these allegations, and that *Michael Kashort* Buckelew should, instead, have been named as a defendant. *See* doc. no. 28 (Notice by Michael Kashort Buckelew); doc. no. 30 (Motion to Substitute Party Defendant); doc. no. 31 (Order Granting Motion to Substitute Party Defendant).

[15] Doc. no. 1-1 (State-Court Complaint) ¶¶ 16-52.

[16] *Id.* at 8.

[17] *See* doc. no. 1-3 (Policy).

the defendants named as "Cullman Memory Gardens, Inc." and "Cullman Memory Gardens, LLC" in the state court action:

> Mike W. Graham & Associates, LLC was the owner, managing member or manager of a number of cemeteries and funeral homes across the State of Alabama.  In 2005, the Alabama Department of Insurance placed all of the Mike Graham operated/owned Alabama cemeteries and funeral homes into receivership based upon allegations of financial irregularities and improprieties related to the sale of pre-need funeral services.  Upon information and belief, Mike W. Graham & Associates, LLC is no longer a viable business entity, and the receiver has sold all but one of the cemeteries or the assets of the receivership estate. Cullman Memory Gardens was sold by the receiver in October or November 2009.  The funeral made the basis of the underlying action in this case occurred approximately one month prior to the court order approving the sale of Cullman Memory Gardens, LLC's assets.[18]

The Policy issued to Mike Graham in receivership for Blount Memory Gardens, LLC, *et al.*, contains a Funeral Services Exclusion endorsement that states as follows:

EXCLUSION - FUNERAL SERVICES

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY COVERAGE PART

The following exclusion is added to Paragraph 2., Exclusions of Section I - Coverage A - Bodily Injury And Property Damage Liability and Paragraph 2., Exclusions of Section I - Coverage B - Personal And Advertising Injury Liability:

This insurance does not apply to "bodily injury," "property damage" or "personal and advertising injury" arising out of errors or omissions in

---

[18] *Id.* at 4 n.1.

the handling, embalming, disposal, burial, cremation or disinterment of dead bodies.[19]

## II. DISCUSSION

The Policy issued by plaintiff to Mike Graham in receivership for Blount Memory Gardens, LLC, *et al.*, contains multiple parts: *i.e.*, an insurance agreement that "states what kind of coverage is provided and the causes of loss or perils that will be covered"; and various exclusions that "eliminate coverage that otherwise would be provided under the policy's insuring agreement." 1-1 John A. Appleman & Jean Appleman, *Insurance Law and Practice* § 1.07 (Law Library ed. 2013).

When coverage is disputed, the insured has the burden to establish that the loss at issue is "covered under the policy." *State Farm Fire & Casualty Co. v. Shady Grove Baptist Church*, 838 So. 2d 1039, 1043 (Ala. 2002). Once coverage is established, the insurer "has the burden of proof in asserting that a claim is excluded under its policy." *Id.*; *see also Appleman on Insurance* § 1.07 (Law Library ed. 2013).

> Liability insurance coverage includes two separate duties: (1) the duty to defend; and (2) the duty to indemnify. *Porterfield v. Audubon Indem. Co.*, 856 So. 2d 789, 791, 2002 Ala. LEXIS 331 at *4 (Ala. 2002).

> "It is well settled 'that [an] insurer's duty to defend is more extensive than its duty to [indemnify].' *United States Fid. & Guar. Co. v. Armstrong*, 479 So. 2d 1164, 1168 (Ala. 1985) (citations omitted).

---

[19] Doc. 1-4 (Funeral Services Exclusion Endorsement).

> Whether an insurance company owes its insured a duty to provide a defense in proceedings instituted against the insured is determined primarily by the allegations contained in the complaint. *Id.* at 1168. If the allegations of the injured party's complaint show an accident or an occurrence within the coverage of the policy, then the insurer is obligated to defend, regardless of the ultimate liability of the insured. *Ladner & Co. v. Southern Guar. Ins. Co.*, 347 So. 2d 100, 102 (Ala. 1977) (citing *Goldberg v. Lumber Mut. Cas. Ins. Co.*, 297 N.Y. 148, 77 N.E.2d 131 (1948)).

*Tanner v. State Farm Fire & Casualty Co.*, 874 So. 2d 1058, 1063-64 (Ala. 2003) (alterations in original) (emphasis omitted).

"Where facts are alleged in the complaint to support a cause of action, it is the facts, not the legal phraseology, that determine whether an insurer has a duty to defend its insured in the action." *Hartford Casualty Insurance Co. v. Merchants & Farmers Bank*, 928 So. 2d 1006, 1012 (Ala. 2005). Thus, "[t]o ascertain whether [an insurer] owes [its insured] a duty to defend, the court focuses on the factual allegations in the complaint, not on the legal theories asserted." *Cotton States Mutual Insurance Co. v. Daniel*, No. 3:07-CV-843-WKW, 2008 WL 4999097, *18 (M.D. Ala. Nov. 20, 2008) (alterations supplied).

The Policy issued by plaintiff to Mike Graham in receivership for Blount Memory Gardens, LLC, *et al.,* contains a Funeral Services Exclusion endorsement that excludes "'bodily injury,' 'property damage' or 'personal and advertising injury' arising out of errors or omissions in the handling, embalming, disposal, burial,

cremation or disinterment of dead bodies."[20]  The various claims asserted by Sammie A. Jones in the underlying state action clearly "aris[e] out of errors or omissions in the handling . . . [and] burial . . . of [the] dead bod[y]" of Mr. Jones's mother, Mary Ruth Jones.

In *Reed v. Netherlands Insurance Co.*, 860 F. Supp. 2d 407 (E.D. Mich. 2012), a federal court from the Eastern District of Michigan interpreted the same Funeral Services Exclusion at issue in this action.  *See id.* at 410-11.  Like Mr. Jones, the *Reed* plaintiffs alleged that an insured cemetery buried their mother in the wrong grave plot.  Unlike Mr. Jones, those plaintiffs asserted claims for breach of contract, negligence, intentional infliction of emotional distress, violation of the Michigan Consumer Protection Act, and fraud, but did not include counts of wantonness, negligent training/negligent supervision, *respondeat superior*, agency, or conspiracy.

The *Reed* court granted the insurer's motion for summary judgment on the grounds that "the policy does not cover any of Plaintiffs' claims," and specifically held that "Plaintiffs' contract and negligence claims for burying the body in the wrong place are precluded by the [Funeral Services] Exclusion."  *Id.* at 420 (alteration supplied).  Because "it is the facts, not the legal phraseology, that determine whether an insurer has a duty to defend its insured," *Hartford*, 928 So. 2d at 1012, that logic applies to *all* of the claims asserted by Mr. Jones "arising out of" the handling and

---

[20] Doc. 1-4 (Funeral Services Exclusion Endorsement).

burial of Mrs. Jones's body, and not only those for negligence and breach of contract.

For all of those reasons, plaintiff does not owe a duty to defend or indemnify defendants under the terms of the Policy in connection with the claims alleged in the state court action styled *Sammie A. Jones v. Loewen (Alabama) Inc., doing business as Moss-Service Funeral Home, et al.*

## III.  DECLARATORY JUDGMENT

For the reasons explained above, plaintiff's motion for judgment on the pleadings is GRANTED, and it is **ORDERED**, **ADJUDGED**, and **DECREED** that plaintiff, QBE Insurance Corporation, has no duty under the terms of the commercial general liability insurance policy bearing Policy Number ANG 30428 issued to Mike Graham in receivership for Blount Memory Gardens, LLC, *et al.*[21] to either provide a defense or to indemnify defendants in connection with the claims alleged in a state court action styled *Sammie A. Jones v. Loewen (Alabama) Inc., doing business as Moss-Service Funeral Home, et al.*, currently pending in the Circuit Court of Cullman County, Alabama as Civil Action No. CV-11-900224.[22]

All claims in this action now having been disposed of by this and prior orders of court, the Clerk is directed to close this file.  Costs are taxed to the party which incurred them.

---

[21] *See* doc. no. 1-3 (Policy).
[22] *See* doc. no. 2 (Amended Complaint).

**DONE** and **ORDERED** this 23rd day of May, 2013.

United States District Judge